# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Illinois Department of Revenue, | |
| Appellant, | Case No. 14 C 5072 |
| v. | |
| Elk Grove Village Petroleum, LLC, *et al.*, | Judge John Robert Blakey |
| Appellees. | |

## MEMORANDUM OPINION AND ORDER

On September 30, 2015, this Court issued an Order [21] and Memorandum Opinion and Order [22], overruling the decision of the Bankruptcy Court that Appellant Illinois Department of Revenue's ("IDOR") "interest" in the Debtors' property was without value and thus not entitled to "adequate protection" under Section 363(e) of the Bankruptcy Code. The IDOR's "interest" was extinguished pursuant to Section 363(f) of the Bankruptcy Code, as part of the sale of the Debtors' property during the underlying bankruptcy case. This Court remanded the matter to the Bankruptcy Court "for proceedings consistent with this Opinion," and expressly stated that the Order did not calculate the value of the IDOR's extinguished "interest." [22] at 17; *see also* [21].

The IDOR and Appellees Hanmi Bank (f/k/a United Central Bank) ("UCB")—who, along with the IDOR, are the two creditors present in this appeal—and the Chapter 11 Trustee of the Debtors' estates now move for reconsideration [24] [25]. Both sides argue that this Court erred in its analysis and seek clarification about

calculating the value of the IDOR's extinguished "interest" on remand. Appellees also move to certify [25] this Court's September 30, 2015 Order and Memorandum Opinion and Order for interlocutory appeal. Having reviewed the motion papers and entertained oral argument from the parties, this Court grants the motions in part and denies them in part.

I. Facts

This bankruptcy appeal arises out of the post-petition sale of substantially all the assets of jointly administered Chapter 11 bankruptcy estates for four debtors (each a "Debtor," and collectively, the "Debtors") who operated five BP branded gas stations in the Chicagoland area. The Debtors each filed separate cases, but they have been jointly administered since January 23, 2013, in the case captioned: *In re Elk Grove Village Petroleum, LLC*, Case No. 12 B 49658 (N.D. Ill.). Bankruptcy Dkt. 25. On April 12, 2013, the Bankruptcy Court appointed Eugene Crane as the Chapter 11 Trustee ("Trustee") of the Debtors' estates. Bankruptcy Dkt. 69.

On November 13, 2013, the Bankruptcy Court entered an Order Approving Sale of Gas Stations ("Sale Order") authorizing the sale of the Debtors' gas stations to purchaser PAV2, LLC ("PAV2"). Bankruptcy Dkt. 191. In accordance with Section 363(f) of the Bankruptcy Code, the Sale Order authorized the sale "free and clear of all liens, claims, encumbrances and interests, with all liens, claims, encumbrances and interests to attach to the proceeds." The Trustee closed the sale of the gas stations over the next two months, and received net sales proceeds totaling $5,229,475.27.

The IDOR and UCB are the two creditors present in this appeal, and the Debtors owe money to both. On January 29, 2014, UCB filed a Motion for Allowance of Secured Claim and Turnover of Collateral Proceeds ("Allowance Motion"). Bankruptcy Dkt. 205. The Allowance Motion asserted claims against the Debtors in the collective amount of $14,077,157.67. The Allowance Motion sought the allowance of UCB's claims against each of the Debtors, secured to the full extent of the value of the gas stations, and also requested turnover of the sales proceeds. On March 5, 2014, the IDOR filed an Objection to UCB's Allowance Motion and an accompanying Cross-Motion for Partial Turnover of Proceeds of Sales ("Cross-Motion"). Bankruptcy Dkt. 232-33. As "adequate protection" for the IDOR's "interest" under 35 ILCS 5/902(d) ("Illinois Income Tax Act") and 35 ILCS 120/5j ("Retailers' Occupation Tax Act") (herein collectively referred to as the "Bulk Sales Acts") that was extinguished by the Sale Order, the IDOR requested that the Bankruptcy Court order the Trustee to turnover sufficient funds from the sales proceeds to satisfy the Debtors' outstanding tax liabilities. Bankruptcy Dkt. 233, IDOR's Cross Motion ¶¶ 17, 23-26, Prayer for Relief. The outstanding tax liabilities total $1,881,648.60.

The Bulk Sales Acts authorize the IDOR to issue a "stop order," a mechanism whereby the IDOR can instruct a purchaser to withhold a portion of the sales to cover the seller's outstanding tax liabilities and, if the purchaser does not remit the appropriate amount of withheld money to the IDOR upon demand, then the purchaser becomes personally liable to the IDOR for the seller's outstanding tax

liabilities. 35 ILCS 5/902(d); 35 ILCS 120/5j. The purchaser's potential personal liability is capped. Under the Bulk Sales Acts, the purchaser only can be personally liable "up to the amount of the reasonable value of the property acquired," even if the seller owes more in outstanding tax liabilities. 35 ILCS 5/902(d); 35 ILCS 120/5j. Because the sale of the Debtors' gas stations under Section 363(f) would have the effect of extinguishing the IDOR's rights under the Bulk Sales Acts to pursue the purchaser personally, the IDOR sought "adequate protection" from the Bankruptcy Court under Section 363(e) of the Bankruptcy Code. Bankruptcy Dkt. 233.

On May 21, 2014, the Bankruptcy Court issued a Memorandum Decision resolving UCB's Allowance Motion and the IDOR's Cross-Motion. Bankruptcy Dkt. 267. That decision has been published as *In re Elk Grove Village Petroleum*, 510 B.R. 594 (Bankr. N.D. Ill. 2014). The Bankruptcy Court issued accompanying Orders on May 21 and 22, 2014. Bankruptcy Dkt. 268, 271.

In its Memorandum Decision, the Bankruptcy Court found that UCB's secured claims were deemed allowed under Section 502(a) of the Bankruptcy Code in the total amount of $14,077,157.67. *In re Elk Grove Village Petroleum*, 510 B.R. at 600, 602. The Bankruptcy Court further found that the IDOR's claims were allowed in the amount of $1,881,648.60, consisting of priority and general unsecured claims. *Id.* at 601-02.

The Bankruptcy Court next determined that the IDOR's right under the Bulk Sales Acts to pursue the purchaser for the Debtors' outstanding tax liabilities was

an "interest" extinguished by the Sale Order. *Id.* at 602-04. Despite the IDOR having lost that "interest," the Court found that the loss was without value and thus was not entitled to "adequate protection" under Section 363(e) of the Bankruptcy Code. *Id.* at 604-05. Whether or not the IDOR could have pursued the purchaser for the Debtors' outstanding tax liabilities, the IDOR's claims were subordinate to UCB's claims in either event. *Id.* The IDOR was thus "out of the money." *Id.* at 605. The IDOR appealed the Bankruptcy Court's decision on July 3, 2014. 7/3/14 Notice of Appeal [1].

On September 30, 2015, this Court found that the Bankruptcy Court's decision was well-reasoned but incomplete in one material respect that warranted reversal. No party disputed, and this Court agreed, that the IDOR had an "interest" that was extinguished pursuant to Section 363(f). [22] at 6. Contrary to the Bankruptcy Court, however, this Court also found that the IDOR's lost "interest" was valuable and, therefore, was entitled to "adequate protection" under Section 363(e). [22] at 9-14. In reaching that conclusion, this Court—making explicit the Bankruptcy Court's analytical framework, *see In re Elk Grove Village Petroleum*, 510 B.R. at 598, 602, 604-05, which aligned with this Court's analysis of the Bankruptcy Code, *e.g.*, 11 U.S.C. §§ 361 and 363(e)—found that the value of an extinguished "interest" is determined by comparing two dollar amounts: (1) the creditor's recovery in bankruptcy where Section 363(f) has extinguished its "interest" in the sold property (and setting aside, for the purpose of this analysis, whether intervention under Section 363(e) is warranted), with (2) the creditor's

5

recovery had its "interest" in the sold property not been extinguished by Section 363(f). [22] at 9-10. When the creditor's recovery would have been greater had Section 363(f) not extinguished its "interest" in the sold property, then it has suffered a decrease in value, that is, a monetary loss, that requires "adequate protection" under the Bankruptcy Code. [22] at 10 (citing 11 U.S.C. §§ 361, 363(e)).

Applying this framework, this Court concurred with the first half of the Bankruptcy Court's analysis but found the second half incomplete. [22] at 10-14. The Bankruptcy Court's order failed to consider that, absent Section 363(f), the IDOR would have been able to pursue the purchaser "personally" under the Bulk Sales Acts to cover the Debtors' outstanding tax liabilities. [22] at 11-14. That was a valuable source of recovery. UCB had not asserted a superior claim over the purchaser's *personal* assets or shown that, even if it did have a superior claim, the purchaser lacked sufficient personal assets to satisfy both UCB and the IDOR's claims. [22] at 13. This Court did not value the IDOR's extinguished "interest," however, recognizing that its dollar value turned on legal and factual questions that had not been raised on appeal. Instead, this Court remanded this case to the Bankruptcy Court "for proceedings consistent with this Opinion," and expressly stated that it had not calculated the value of the IDOR's extinguished "interest." [22] at 17; *see also* [21].

II.  **Analysis**

A.  **Motions to Reconsider**

Both parties ask this Court to reconsider its September 30, 2015 Order and Memorandum Opinion and Order. Beginning with the IDOR, it argues that this Court erred in the first half of the valuation equation but fails to raise any new issues that warrant reconsideration. This Court affirmed the Bankruptcy Court, which, applying the settled principle that liens are prioritized in relative priority of date of perfection, found that UCB's liens were first in time and thus took priority over the IDOR's liens. [22] at 10-11. This Court found that, because UCB held superior liens to the IDOR, the IDOR would have recovered nothing in bankruptcy absent intervention under Section 363(e). In fact, contrary to the IDOR's desired outcome in this appeal, had it held superior liens, then, as the two part valuation equation shows, the IDOR may not have required "adequate protection" under Section 363(e). The IDOR would not have suffered any monetary loss from Section 363(f) extinguishing its "interest" in the sold property under the Bulk Sales Acts.

Appellees, for their part, raise three arguments. Appellees principally argue that allowing the IDOR to recover under the Bulk Sales Acts is a form of successor liability that frustrates Section 507 of the Bankruptcy Code. Section 507 creates a scheme in bankruptcy for prioritizing various types of claims. State tax claims are low on the list, at the general unsecured priority level. 11 U.S.C. § 507(a)(8).

Nothing this Court decided, however, disrupts the priority scheme laid out by Section 507 of the Bankruptcy Code. This Court did not elevate the priority of any

7

claim the IDOR may have had under 11 U.S.C. § 507(a)(8). Instead, this Court found that, under 11 U.S.C. §§ 361 and 363(e), which, of course, are part of the Bankruptcy Code itself, the IDOR is entitled to "adequate protection" for having its "interest" in the sold property under two state tax statutes extinguished by Section 363(f). Thus, this Court found that the IDOR has a valuable "interest" under bankruptcy law—not state law—entitling it to "adequate protection" under bankruptcy law—not state law. The IDOR's claim to proceeds from the Debtors' bankruptcy estate, at least in this appeal, therefore is not grounded in a theory of successor liability.

Against this Court's analysis, Appellees' four cases are inapplicable. *In re White Motor Credit Corp.*, 75 B.R. 944 (Bankr. N.D. Ohio 1987), unlike here, involved successor liability claims against the purchaser of the debtor's truck assets in bankruptcy. The defendants had been injured driving trucks manufactured by the debtor, and the Bankruptcy Court enjoined them from maintaining personal injury tort claims against the purchaser in separate lawsuits because, among other reasons, Section 1141(c) the Bankruptcy Code pre-empted those successor liability claims. *Id.* at 946-47, 950-52. *In re White Motor Credit*, therefore, may have been instructive had the IDOR brought a personal liability claim under the Bulk Sales Act against the purchaser here (PAV2), but the IDOR has not done that, so *In re White Motor Credit* is not this case. *In re Trans World Airlines, Inc.*, 322 F.3d 283 (3d Cir. 2003), which UCB cited at the motion hearing, is inapplicable for a similar reason. The Third Circuit considered whether employee sex discrimination claims

8

against the corporate debtor survived Section 363(f)—not whether, as here, those employees were entitled to "adequate protection" under Section 363(e). Appellees do not fare any better in their remaining cases. *Penn Terra Ltd. v. Department of Environmental Resources, Commonwealth of Pennsylvania*, 733 F.2d 267 (3d Cir. 1984), unlike here, analyzed an exception to the Bankruptcy Code's automatic stay provision under Section 362. And *In re Pompeo*, 195 B.R. 43 (Bankr. W.D. Pa. 1996) (*en banc*), unlike here, analyzed whether the Commonwealth of Pennsylvania could bypass bankruptcy priorities through a "reserved property interest" created by state law. In sum, none of Appellees' cases involve granting "adequate protection" under Section 363(e) of the Bankruptcy Code. They are inapplicable.

This Court can quickly address Appellees' last two arguments. In the second half of the valuation equation, this Court used a hypothetical bankruptcy sale to illustrate that the IDOR would have had a valuable source of recovery had Section 363(f) not extinguished its rights under the Bulk Sales Acts, and had the IDOR thus been able to pursue the purchaser (PAV2) personally for the Debtors' outstanding pre-petition taxes. [22] at 14. Appellees seek clarification whether this Court, in that hypothetical, was suggesting that the IDOR still can pursue PAV2 personally under the Bulk Sales Act. This Court was not making that suggestion, but instead was analyzing what the IDOR's recovery would have been absent Section 363(f).

Next, this Court in *dicta* rejected the competing equity arguments raised by the parties, explaining that neither party's policy concerns justified interpreting the Bankruptcy Code in a way that overrode the text of Sections 361 and 363 of the

9

Bankruptcy Code. [22] at 15-16. In summarizing their concerns, this Court observed that, in their initial briefs, the parties did not dispute that the Bulk Sales Act would not have applied had "UCB chosen to foreclose [on the Debtors' gas stations] instead of consenting to a Section 363 sale in bankruptcy." [22] at 15. Appellees now clarify that the Trustee, and not any creditor, such as UCB, first decides "whether assets are going to be sold or abandoned." [25] at 10. Clarifying *dicta* does not alter this Court's statutory analysis, which was the basis of its decision.

For these reasons, this Court finds no basis for reconsidering the merits of its September 30, 2015 Order and Memorandum Opinion and Order.

**B.   Remand**

Also in its September 30, 2015 Order and Memorandum Opinion and Order, this Court remanded this case to the Bankruptcy Court "for proceedings consistent with this Opinion," and expressly stated that it had not calculated the value of the IDOR's extinguished "interest." [22] at 17. The parties seek guidance about how the Bankruptcy Court and they should calculate the value of the IDOR's extinguished "interest." To aid the Bankruptcy Court and the parties, this Court believes that additional guidance is warranted. This Court, however, notes that the motion papers do not reflect confusion about the remand order itself, but rather show that there are remaining legal and factual issues that are beyond the scope of this appeal and that may need to be answered on remand.

As the motions show, the Bankruptcy Court and the parties may need to address at least two unanswered legal and factual issues on remand. First, in applying the two part valuation equation, the Bankruptcy Court and the parties may need to calculate the IDOR's dollar recovery had its "interest" in the sold property not been extinguished by Section 363(f). Making this calculation, as the parties themselves recognize, *e.g.*, [25] at 8-9, and [29] at 6-7, may require the parties to brief and develop the factual record on, among other issues, the "reasonable value" of the purchased property. That is the cap on the purchaser's potential personal liability under the under the Bulk Sales Act, and the parties dispute the cap amount. 35 ILCS 5/902(d) and 35 ILCS 120/5j. Second, the Bankruptcy Court and the parties also may need to address the mechanics of awarding the IDOR "adequate protection" under Section 363(e). The parties represent that the Debtors' bankruptcy estate already has been depleted, so the Bankruptcy Court and the parties may need to address the relative priority between UCB's liens and the IDOR's right to "adequate protection," and from what assets the Trustee will make any "adequate protection" payment to the IDOR.

These legal and factual issues, which require further consideration by the parties and the Bankruptcy Court, are beyond the scope of this appeal. The Bankruptcy Court did not address them, nor did it need to, based on its analysis that the IDOR was "out of money." At this stage of the proceedings, this Court cannot speculate beyond the scope of the appeal before it.

### C. Interlocutory Appeal

Appellees ask this Court to certify its September 30, 2015 Order and Memorandum Opinion and Order for interlocutory appeal. To certify an order for interlocutory appeal under 28 U.S.C. § 1292(b), there must be: (1) a question of law; and that question must be (2) controlling and (3) contestable, and (4) promise to speed up the litigation. *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). There also is a non-statutory requirement that the petition in this Court be filed within a reasonable time after entry of the order sought to be appealed. *Id.* at 675. Interlocutory appeals are "frowned on in the federal judicial system," *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012), and this case is not an exception. It fails at least the first and third *Ahrenholz* requirements.

Beginning with the first requirement, this Court may only certify a "pure" question of law, meaning an issue the Seventh Circuit could decide "quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 676-77. There is none here. Appellees did not identify any pure question of law to certify in their motion papers. Nor did they at the October 27, 2015 motion hearing. The Trustee proposed one question for interlocutory appeal (Is the IDOR "entitled to adequate protection here for their, quote-unquote, interest?"), but conceded that was not a pure question of law. 10/27/15 Hr'g Tr. [31] at 5-6. UCB proposed a different question: "does Section 507 [of the Bankruptcy Code] apply to assign the priority of the claim to the proceeds in this case?" 10/27/15 Hr'g Tr. [31] at 8. Yet, as shown

12

above, nothing this Court decided on September 30, 2015 disrupted Section 507's priority scheme. Thus, Appellees have not raised any pure questions of law for interlocutory appeal, and certification is not warranted.

Even had there been a pure question of law (and there is not), Appellees have not shown that any question would be contestable. A question of law is contestable only if there is a "difficult central question of law which is not settled by controlling authority," and a "substantial likelihood" exists that this Court's ruling will be reversed on appeal. *Republic Bank of Chicago v. Desmond*, No. 13-6835, 2015 WL 4397781, at *4 (N.D. Ill. July 17, 2015) (internal quotations omitted). While this Court reversed the Bankruptcy Court, which perhaps suggests at face value that there is a contestable question of law, the two Courts agreed on all issues but one. The exception—the value of the IDOR being able to pursue the purchaser personally under the Bulk Sales Acts—was the product of this Court adding to the Bankruptcy Court's analysis, not disagreeing with its analysis. This Court, accordingly, does not find that there is a "substantial likelihood" that its prior ruling will be reversed. For these reasons, at least two of the four requirements to certify an interlocutory appeal have not been met. Appellees' request is denied.

## III. Conclusion

The motions to reconsider [24] [25] are granted in part and denied in part. As part of its motion to reconsider [24], the IDOR also asks this Court correct a technical error in its Judgment in a Civil Case [23] to reflect that Bankruptcy Dkt. 268 is also being vacated. That part of the IDOR's motion is unopposed and will be

13

granted. The Clerk is directed to enter an Amended Judgment in a Civil Case stating:

> This Court vacates the Bankruptcy Court's 5/21/14 Memorandum Decision and 5/22/14 Order to the extent inconsistent with this Court's 9/30/15 Memorandum Opinion and Order. *In re Elk Grove Village Petroleum, LLC*, Case No. 12 B 49658 (N.D. Ill.) (Dkt. 268 and 271). This case is remanded for proceedings consistent with this Court's Opinions. Bankruptcy appeal terminated.

SO ORDERED

Dated: December 9, 2015

    Entered:

    _____
    United States District Judge